## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO.:  13-CV 5566** |
| | * | |
| **Versus** | * | |
| | * | **SECTION:  "B"** |
| **$100,641.06 U.S. CURRENCY, et al;** | * | **JUDGE:  Ivan Lemelle** |
| | * | |
| | * | |
| | * | **MAGISTRATE:  3** |
| | * | **Magistrate Judge Karen Roby** |

* * * * * * * * * * * * * * * * * * * * * * * * *

### CLAIMANTS' REBUTTAL TO STATEMENT OF MATERIAL FACTS

**MAY IT PLEASE THE COURT**:

Claimants, **Calvin Thibodaux** and **Darnay Thibodaux**, pursuant to LR. 56.2, hereby

provides the following rebuttal to the Government's Statement of Uncontested Material Facts:

1.      The allegations contained in Paragraph 1 are admitted, though claimants contend

that these allegations do not constitute material facts for purposes of the pending

Motion for Summary Judgment.  George and Forest Dobronich (the "Nephews")

knowingly made a false report of elder exploitation because Mr. Sidney

Dobronich, through claimants, refused to acquiesce to the Nephews' request to be

added to the power of attorney.  **OppSJ Ex. B., 1 Cir. Writ App. at p.5 and n.3**

**(Ex. R. at 161-62).**[1]

---

[1] While contained within the previous memoranda and exhibits presented to this Court, the most comprehensive statement of the facts in this case is contained within the February 18, 2015 Writ Application to the First Circuit Court of Appeals, contained within OppSJ Ex. B, herein.  That Brief cites to an Exhibit Record ("Ex. R."), which

2.     Claimants object to the Government's allegations in paragraph 2 as vague and conclusory.  Without waiving said objection, the allegations contained in Paragraph 2 are contested.  As indicated in his sworn testimony, the transfers were not "irregular" in that Mr. Dobronich had previously transferred his entire account to an individual named Craig Burdine, seeking to make a similar arrangement that he attempted with claimants herein.  ***Id.*  p.8 and n.9.** Specifically, Joe Romano of Romano Investments had initially question the first transfer, but was directly instructed by Mr. Dobronich himself to make the transfer.  ***Id.*  at p.8 and n.7.**  Mr. Romano did not initially contact the Nephews, they, through Mr. Burdine, contacted Mr. Romano.  ***Id.* at p.11.**

3.     Claimants object to the Government's allegations in paragraph 3 as vague and conclusory.  Without waiving said objection, the allegations contained in Paragraph 3 are contested in part.  On February 13, 2013, claimant, Darnay Thibodaux, requested that Mr. Romano executed a transfer of $30,000 from Mr. Dobronich's investment account to Mr. Dobronich's Capital One savings account, account no. xxxxxx1720.  The transaction was made with Mr. Sidney Dobronich's full knowledge, authorization and direction.  **OppSJ Ex. B, Wrt. App. 1st Cir. at pp. 6-9 and nn. 3-10; Ex. R. at p.255 ("After speaking with Mr. Dobronich about his account and the need for funds I awaited his**

---

has been Bates stamped for convenience.  The Writ Application Exhibit Record, not previously attached to the Opposition, has been attached hereto for ease of reference.

instruction that **Mrs. Thibodaux would call me back after they spoke with the hospital about the amount.")**.

4.    The allegations contained in Paragraph 4 are contested in part.  On February 20, 2013, claimant, Darnay Thibodaux, requested that Mr. Romano executed a transfer of $30,000 from Mr. Dobronich's investment account to Mr. Dobronich's Capital One savings account, account no. xxxxxx1720.  The transaction was made with Mr. Sidney Dobronich's full knowledge, authorization and direction.  *Id.*

5.    The allegations contained in Paragraph 5 are contested and claimants aver that these allegations are not material for purposes of this summary judgment.  Any statement to Det. Montgomery, or even Mr. Romano, regarding the purpose of the transfer as being for the payment of medical bills was made and/or directed to be made by Mr. Dobronich himself, with Mr. Dobronich's full knowledge of the nature of such statements.  *Id.*

6.    The allegations contained in Paragraph 6 are contested in part.  On March 5, 2013 and on March 11, 2013, claimant, Darnay Thibodaux, requested that Mr. Romano executed transfers of $179,000 and $95,000, respectively, from Mr. Dobronich's investment account to Mr. Dobronich's Capital One savings account, account no. xxxxxx1720.   The transaction was made with Mr. Sidney Dobronich's full knowledge, authorization and direction.  **OppSJ Ex. B, Wrt. App. 1st Cir. at pp. 6-9 and nn. 3-10, Ex. R. at p.255 ("I then asked if he was buying a home, or might be buying a home, again he said yeah maybe, I then said do you need**

3

**the money now, or maybe later, I heard Mrs. Thibodaux in the background tell Mr. Sidney that we could go ahead and transfer to which he said yeah Joe, she said go ahead and transfer.").**

7.     Claimants object to the Government's allegations in paragraph 7 as vague and conclusory.  Without waiving said objection, the allegations contained in Paragraph 7 are contested in part.  Claimants admit that Darnay Thibodaux made each of the specific transactions, outlined in pages 7-12 of the Rauch Affidavit, on Mr. Dobronich's behalf.  Claimants specifically contest any "scheme to defraud" and aver that each and every single transaction was made with Mr. Sidney Dobronich's full knowledge, authorization and at his specific direction.  **OppSJ Ex. B, Wrt. App. 1st Cir. at pp. 6-9 and nn. 3-10, p.13, pp. 15-16, pp. 18-20.**

8.     Claimants object to the Government's allegations in paragraph 8 as vague and conclusory.  Without waiving said objection, the allegations contained in Paragraph 8 are contested and that said allegations are not material to the Government's Motion for Summary Judgment.  Claimants presume the Government is referring to the investigation into the simulated donation of property at 26099 Ellis Drive and aver that the details of said transaction were performed with Mr. Sidney Dobronich's full knowledge, authorization and at his specific direction, and any interaction between claimants and Ms. Buffy Singletary were done with an effort to encourage Ms. Singletary to report

4

truthfully in that regard.  **OppSJ Ex. B, Wrt. App. 1st Cir. at pp. 6-9 and nn. 3-10, p.16, n.14.**

9.      The allegations contained in Paragraph 9 are contested in part.  Claimants admit to obtaining a power of attorney on February 14, 2013 from Mr. Sidney Dobronich, which he executed knowingly, intelligently and voluntarily.  The transactions made pursuant thereto were done so with Mr. Sidney Dobronich's full knowledge, authorization and direction.  **OppSJ Ex. B, Wrt. App. 1st Cir. at pp. 2-4, pp. 3-9 and nn. 3-10.**

10.     Claimants object to the Government's allegations in paragraph 10 as vague and conclusory.   Without waiving said objection, the allegations contained in Paragraph 10 are contested in part.  Claimants admit that, on September 6, 2013, the State of Louisiana, via bill of information, charged claimants with two counts of violations of La. R.S. 14:93.4.  Claimants contest that said bill of information was based on any sound basis in facts and was Constitutionally deficient.  *See* **OppSJ Ex. B.**

11.     The allegations contained in Paragraph 11 are contested in part.  Claimants admit that, on December 17, 2014, claimants pled guilty both two counts of violations of La. R.S. 14:93.4 and that those pleas were made while being represented by counsel.  Both claimants aver their innocence (though only Darnay Thibodaux has formally contested the Constitutionality of her guilty plea as of this time).  *See* **OppSJ Ex. B.**  Claimants further contest the "finality" of their guilty pleas based

5

on the subsequent sworn repudiation of the State's sole basis for prosecution, the forensic psychiatric report of Dr. Michelle Garriga, *see* **OppSJ Ex. A**, and the availability of post conviction relief under La. C. Cr. P. Arts. 926, *et seq.*

12.    Claimants contest the "finality" of their guilty pleas based on the subsequent sworn repudiation of the State's sole basis for prosecution, the forensic psychiatric report of Dr. Michelle Garriga, *see* **OppSJ Ex. A**, and the availability of post conviction relief under La. C. Cr. P. Arts. 926, *et seq.*

13.    The allegations contained in Paragraph 13 are admitted.

14.    The allegations contained in Paragraph 14 are admitted.

Respectfully submitted,

**CLAIBORNE W. BROWN (25594)**
222 N. Vermont Street, Suite I
Covington, LA  70443
Telephone:  (985) 246-7063
Facsimile:  (985) 246-7075
*cwbrown@cwbrownlaw.com*

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on May 22, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____

**CLAIBORNE W. BROWN**